# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                         CASE NO: 3:08-cr-205-TJC-JK

CLARENCE EUGENE ROBINSON          ORDER ON MOTION FOR
                                   SENTENCE REDUCTION UNDER
                                   18 U.S.C. § 3582(c)(1)(A)

## ORDER

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED after complete review of the motion on the merits.

☒ FACTORS CONSIDERED

Defendant Clarence Eugene Robinson is a 77-year-old inmate incarcerated at Miami FCI. He is serving concurrent 235-month terms of imprisonment for conspiracy to distribute oxycodone, hydrocodone, and alprazolam and possession of a firearm by an armed career criminal. (Doc. 59, Judgment). According to the Bureau of Prisons (BOP), he is scheduled to be released from prison on February 6, 2025. He seeks compassionate release

because of his age, length of time in prison, and because he is experiencing a deterioration in physical health due to the aging process. (Doc. 73, Motion for Compassionate Release). His medical conditions include severe aortic valve stenosis, type 2 diabetes, and hypertension, among other things. The United States responded in opposition (Doc. 75) and Defendant filed a reply brief. (Doc. 77). The Court has considered each of the parties' arguments and exhibits.

A movant under § 3582(c)(1)(A) bears the burden of proving that a sentence reduction is warranted. United States v. Kannell, 834 F. App'x 566, 567 (11th Cir. 2021) (citing United States v. Green, 764 F.3d 1352, 1356 (11th Cir. 2014)). The statute provides:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment ... if it finds that extraordinary and compelling reasons warrant such a reduction … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i). The Eleventh Circuit Court of Appeals has instructed that the applicable policy statement, U.S.S.G. § 1B1.13, including its definition of "extraordinary and compelling reasons," governs all motions filed under 18 U.S.C. § 3582(c)(1)(A), even those filed after the First Step Act. United States v. Bryant, 996 F.3d 1243, 1247–48 (11th Cir. 2021). Notably, "[b]ecause the statute speaks permissively and says that the district court

2

'may' reduce a defendant's sentence after certain findings and considerations, the court's decision is a discretionary one." United States v. Harris, 989 F.3d 908, 911 (11th Cir. 2021).

According to the applicable policy statement, a district court may reduce a term of imprisonment if, after considering the sentencing factors in 18 U.S.C. § 3553(a) to the extent they are applicable, the court finds that:

> **(1)(A)** Extraordinary and compelling reasons warrant the reduction; or
>
> **(B)** The defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;
>
> **(2)** The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> **(3)** The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13. "Extraordinary and compelling reasons" may exist to reduce a defendant's sentence based on: (A) the defendant suffering a terminal illness or a serious medical condition, (B) old age, (C) certain family circumstances, and (D) other reasons, other than or in combination with those listed in (A) through (C), as determined by the BOP Director. U.S.S.G. § 1B1.13, cmt. 1.

"[B]y dint of § 3582(c)(1)(A)'s plain text, a district court may reduce a term of imprisonment if (1) the § 3553(a) sentencing factors favor doing so, (2) there are 'extraordinary and compelling reasons' for doing so, and ... (3) doing

so wouldn't endanger any person or the community within the meaning of § 1B1.13's policy statement." United States v. Tinker, 14 F.4th 1234, 1237 (11th Cir. 2021); see also United States v. Giron, 15 F.4th 1343, 1346 (11th Cir. 2021) (same). However, "nothing on the face of 18 U.S.C. § 3582(c)(1)(A) requires a court to conduct the compassionate release analysis in any particular order." Tinker, 14 F.4th at 1237. "Because all three conditions – i.e., support in the § 3553(a) factors, extraordinary and compelling reasons, and adherence to § 1B1.13's policy statement – are necessary, the absence of even one would foreclose a sentence reduction." Id. at 1238.

The Court assumes, arguendo, that Defendant has shown "extraordinary and compelling reasons" for a sentence reduction based on his age, length of time in prison, and medical conditions. See U.S.S.G. § 1B1.13, cmt. 1(B). Nevertheless, the Court is not persuaded that Defendant is not a danger to another person or to the community. U.S.S.G. § 1B1.13(2). Defendant has a lengthy, uninterrupted, and violent criminal history. His Presentence Investigation Report (Crim. Doc. 61 at ECF pp. 6–30, PSR) contains a long list of prior convictions, including:

1. Two Florida convictions in 1971 for aggravated assault (also called assault with intent to murder) after Defendant attempted to inflict serious bodily harm on two individuals by assaulting them with a firearm. (PSR ¶¶ 39–40).

2. A Florida conviction in 1971 for attempted robbery. (Id. ¶ 41).

3. A Florida conviction in 1972 for escaping from a correctional camp. (Id. ¶ 42).

4. A federal conviction in 1977 in the Southern District of Georgia for conspiracy to possess with intent to distribute methaqualone. (Id. ¶ 43).

5. A federal conviction in 1984 for failure to appear. (Id. ¶ 44). On January 19, 1978, Defendant failed to appear for sentencing in the above methaqualone conspiracy case. He evaded law enforcement for several years until federal authorities arrested him in Miami, Florida on June 7, 1983. But four days before he was arrested, he shot two FBI special agents who tried to arrest him in Volusia County, Florida.

6. Two federal convictions in 1984 for assaulting a federal agent with a deadly weapon. (Id. ¶ 45). The PSR describes the offense as follows:

> [O]n June 3, 1983, at Orange City, Volusia County, Florida, the defendant shot Federal Bureau of Investigation (FBI) Special Agents Thomas Sobolewski and Dennis Wicklein. Circumstances of the offense reflect that on June 3, 1983, at approximately 8:20 a.m., Special Agents Sobolewski and Wicklein were entering the front entrance of Kitchen's Restaurant on US 17-92 in Orange City, Florida. As the two agents were entering the restaurant, a lone white male was leaving the restaurant and Special Agent Sobolewski asked the individual for identification. Special Agent Sobolewski was suspicious of this individual, since the individual fit the general description of Clarence Eugene Robinson, whom Special Agent Sobolewski knew to be wanted for questioning by the Seminole County Sheriff's Office in connection with a 1977 homicide of a deputy sheriff. In addition, Special Agent Sobolewski knew Robinson was wanted on a federal warrant for bond jumping. After asking for Robinson's identification, Robinson retrieved a .45 caliber pistol and a struggle ensued. During the struggle, Special Agent Sobolewski was shot in the back and Special Agent Wicklein was shot in the abdomen. Both special agents were hospitalized for several weeks recovering from their wounds. Robinson fled the scene and

>   subsequently traveled to Miami, Florida where he surrendered to federal authorities on June 7, 1983.

>   (Id.). After Defendant was released on special parole in March 2002, parole was revoked in 2004 and again in 2008. (Id.).

7. Thirty-four federal convictions in 1984 for various firearm offenses, including illegal possession of unregistered firearms, possession of a firearm without a serial number, and possession of a firearm by a convicted felon. (Id. ¶ 46).

8. Two Florida convictions in 1984 for aggravated battery and one conviction for use of a firearm while committing a felony, based on the shooting of the two FBI agents described above. (Id. ¶ 47).

9. A 1985 Florida conviction for robbery with a firearm. (Id. ¶ 48). On March 11, 1982, while a fugitive from federal authorities, Defendant robbed a jewelry store in Palm Beach, Florida of $111,250.00. Defendant was armed with a gun and wearing a ski mask.

Defendant has spent most of his adult life in prison or running from the law. He has repeatedly violated parole or supervised release, failed to appear for court hearings, or escaped from detention. Within two years of being released from prison for shooting two FBI agents (among other crimes), his parole was revoked in 2004. And in 2008, his parole was revoked again based on the instant offenses of conviction: conspiracy to distribute oxycodone, hydrocodone, and alprazolam and possession of a firearm by a convicted felon. Given Defendant's unrelenting pattern of committing violent or dangerous offenses, the Court, even considering his advanced age, cannot conclude he is not a danger to another person or to the community under § 1B1.13(2).

Nor do the sentencing factors under 18 U.S.C. § 3553(a) support a sentence reduction. Defendant's long list of violent prior convictions earned him a sentence under the Armed Career Criminal Act (ACCA). His advisory sentencing guidelines range was 188 to 235 months in prison, based on a total offense level of 31 and a criminal history category of VI. (PSR ¶ 76). That the Court imposed a sentence at the high end of the guidelines range, and 55 months above the ACCA's mandatory minimum, reflects the degree to which the Court found that a lengthy sentence was warranted. Today, the Court remains persuaded that a sentence of 235 months in prison is necessary to accomplish the statutory purposes of sentencing, including the need to reflect the history and characteristics of the defendant, to promote respect for the law, to afford adequate deterrence, and to protect the public.

Accordingly, Defendant's Motion for Compassionate Release (Doc. 73) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida this 10th day of January, 2022.



TIMOTHY J. CORRIGAN
United States District Judge

lc 19
Copies:
Counsel of record
Defendant